J-S05002-16

2016 PA Super 40

C.A.J.,

             Appellant

             v.

D.S.M.,

             Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1264 MDA 2015

Appeal from the Order Entered June 25, 2015
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2013-154

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.*

OPINION BY BENDER, P.J.E.:         **FILED FEBRUARY 18, 2016**

Appellant, C.A.J. ("Mother"), appeals from the order entered on June 25, 2015, modifying custody and granting Mother and Appellee, D.S.M. ("Father"), shared legal and physical custody of minor child, G.M. ("Child"). After careful review, we vacate the order and remand to the trial court for proceedings consistent with this opinion.

The trial court summarized the relevant facts and procedural history of this case in its Pa.R.A.P. 1925(a) opinion, as follows:

> Mother and Father are the parents of one minor child, []
> born June [] 2012.  Mother originally filed a complaint for
> custody and special relief on January 1, 2013.  Following
> conciliation, the parties reached an agreement and a Custody
> Order was entered on January 31, 2013 (hereinafter "2013
> Order").  The 2013 Order gave Mother primary physical custody

---

* Retired Senior Judge assigned to the Superior Court.

with Father having custody every other weekend during the months of September through May 1. From May 1 through September 1, the parties were to share custody 50/50 on a week on/week off basis.

Prior to the 2013 Order, Mother and Father shared custody as mutually agreed upon. Earlier in January 2013, before the 2013 Order was entered, Mother relocated to New Kensington, Pennsylvania. As the courts were not involved, Mother did not seek permission to relocate.

Father filed a *pro se* Petition for Contempt on February 17, 2015. In his petition, Father alleged that Mother was not giving Child back when it was Father's time. Father also requested that he be given primary care of Child in the petition. This Court ordered the parties to attend a custody conciliation.

The custody conciliation was held on March 19, 2015. Neither party was represented by counsel at the conciliation. At the conciliation, Father requested that the parties share custody on an alternating bi-weekly schedule due to the distance between the parties' residences. The parties were not able to reach an agreement on custody and requested a hearing before the court on outstanding custodial issues. On March 31, 2015, a temporary custody order was entered pending the court hearing on Father's Petition for Contempt.

The hearing on Father's Petition for Contempt was held on June 24, 2015, with both parties present. Father testified that Mother violated the 2013 Order by refusing him custodial time and harassing him. Father stated the most recent event occurred on December 23, 2014, when Mother came to his residence demanding he return Child, even though it was his time. Thereafter, Mother kept Child the entire month of January and Father did not see Child until February 6, 2015. Father indicated he made contact with Mother through text message during January with no response until February 6. Mother responded by testifying that Father also denied her access to Child and will not let her speak to Child on the phone.

It became apparent at the hearing that neither party followed the 2013 Order. Father and Mother would keep Child for extended periods of time and exchange custody when it was convenient for them and not when the 2013 Order dictated. Therefore, Father indicated at the hearing that he wanted the custody order changed to a two weeks on, two weeks off

schedule, because for all practical purposes Mother and Father were already sharing time on an equal basis. Father also presented the testimony of his girlfriend, Angela Small. She testified that she lives with Father along with her two sons, ages 12 and 5. She stated that Child has a good relationship with her sons and they enjoy spending time together. Mother testified she wanted to retain primary physical custody with Father having custody every other weekend. She indicated that the 50/50 custody the parties had over the summertime was not working.

Following the hearing, on June 25, 2015, this Court entered a new custody order (hereinafter "2015 Order"). The 2015 Order granted shared physical custody to both Father and Mother for a two week on, two week off period. Along with the custody order, this Court also issued an order detailing its analysis of the best interests of Child and discussed the relevant custody factors.

Trial Court Opinion (TCO), 8/6/15, 1-4 (footnotes omitted).

On July 24, 2015, Mother filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Mother now presents the following issues for our review:

I.    Did the trial court err and abuse its discretion in modifying the prior custody order when a custody modification petition had not been filed but instead only a petition for contempt had been filed?

II.   Did the trial court abuse its discretion in applying the custody factors found in 23 Pa.C.S. § 5[3]28 and in determining the best interests of the child?

Mother's Brief at 6 (unnecessary capitalization omitted).

We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this

- 3 -

Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

***S.W.D. v. S.A.R.***, 96 A.3d 396, 400 (Pa. Super. 2014).

Mother argues that she was denied due process when the trial court entered its June 25, 2015 order modifying the 2013 custody order, because Father only filed a petition for contempt, not a petition to modify custody. Mother contends that before a court can modify a custody order, the filing of a petition to modify custody is required, pursuant to Section 5338 of the Domestic Relations Code.[1]

While we agree that, generally, the appropriate manner in which to request modification of a custody order is to file a petition for modification in compliance with Pa.R.C.P. 1915.15, we have previously stated that "this does not prevent the trial court, under appropriate circumstances to alter a custody/visitation Order when it is in the best interest of the child to do so." ***Guadagnino v. Montie***, 646 A.2d 1257, 1262 (Pa. Super. 1994) (quoting ***Choplosky v. Choplosky***, 584 A.2d 340, 341 (Pa. Super. 1990)). In fact, we recently emphasized:

> While it is the appropriate practice under the Act and the Rules of Civil Procedure to file a pleading entitled a "petition to modify custody" to seek modification of a custody order, this Court has held nonetheless, that if notice of the proceeding adequately

_____

[1] ***See*** Section 5338, which provides, in relevant part: "Upon petition, a court may modify a custody order to serve the best interest of the child." 23 Pa.C.S. § 5338(a). ***See also*** Pa.R.C.P. 1915.15, which governs the format for a petition to modify a custody order.

advises a party that custody will be at issue, a court *may* entertain the request to permanently modify a custody order after hearing in that proceeding.

**S.W.D.**, 96 A.3d at 405-406 (Pa. Super. 2014) (citing **Guadagnino**, 646 A.2d at 1262) (emphasis added).[2]

In **Guadagnino**, we examined the law regarding the procedure by which a change in custody can be requested. At the time, there were numerous cases in which trial courts modified custody agreements at contempt hearings without a pending petition for modification, which ultimately led to remand on appeal, so that the proper procedure for requesting a custody modification could be followed.[3] However, in each of these cases, there was no notice that the custody order would be at issue during the contempt hearing. **Guadagnino**, 646 A.2d at 1262.

---

[2] In **S.W.D.**, the father filed a petition for special relief which focused primarily on where the child would attend school, but also included a request to enforce an informal custody modification to which the mother and father had agreed. Contrary to the trial court's belief in **S.W.D.**, we explained that even though the pleading filed was not entitled a "petition for modification," the trial court would *not* have abused its discretion by modifying the custody order, should it have deemed a modification to be in the best interest of the child, because the mother had been provided adequate notice that custody would be at issue at the hearing. **S.W.D.**, 96 A.3d at 406.

[3] **See Choplosky**, 584 A.2d at 341-342 (holding that while modification of custody orders may be entertained at any time in order to promote the best interests of the child, general notice requirements must be strictly observed). **See also Seger v. Seger**, 547 A.2d 424, 426 (Pa. Super. 1988) (finding that the trial court lacked authority to modify custody order absent the filing of a petition for modification); **Steele v. Steele**, 545 A.2d 376, 378 (Pa. Super. 1988) (stating that the filing of a petition for modification is the appropriate manner in which to seek a change in a custody or visitation order).

The facts in **Guadagnino** were distinguishable from these cases, in that there was adequate notice to the parties that the custody order would be challenged. **Id.** In **Guadagnino**, a custody order had been entered granting the mother and father shared physical custody of the child. However, the father filed a petition for contempt and claimed that the mother obstructed transfer of custody and was, generally, confrontational. In addition to requesting that the mother be found in contempt, the father's petition also included a request for an order granting him primary physical custody of the child. **Id.** at 1258. On appeal, we stated the following:

> Here, the trial court had before it the request that custody be transferred, and conducted the "contempt" hearing accordingly; the hearing was tailored to the issues at hand. We do not find it necessary, therefore, to remand for reinstatement of the original custody order so that another hearing can be held on the petition for modification of custody; such action would result in a waste of judicial resources.

**Id.** at 1262.

Similarly, in the case before us, Father's Petition for Contempt expressly stated that he was seeking primary custody.[4] Accordingly, upon receipt of Father's Petition, the court entered an order directing the parties to appear before a conciliator on March 19, 2015 for a "Pre-Hearing Custody Conference." The order further directed the parties "to furnish any and all existing … Custody orders to the conciliator 48 hours prior to scheduled

_____

[4] **See** Father's Petition for Contempt at ¶ 25 (stating "[Father] wants primary care of [Child]").

hearing." Order of Court, 2/18/15. Additionally, the record indicates that the February 18, 2015 order was served on Mother and that Mother participated in the custody conciliation by telephone. Thus, Mother was clearly on notice that the 2013 custody order was at issue. As pointed out by the trial court in its 1925(a) opinion:

> [At the custody conciliation,] the parties discussed custody but were unable to reach an agreement. The conciliation report also details both parties' positions with regard to custody of the child. Furthermore, the conciliation report states:
>
>> 7. As the parties requested a hearing before the [c]ourt on the outstanding custodial issues, the conciliator submits an Order in the form as attached scheduling a hearing and providing for temporary custodial arrangements which were agreed upon by the parties, pending the hearing.
>
> Thereafter, the [c]ourt hearing was held on June 24, 2015, with both parties having notice custody would be discussed as they had requested at the conciliation. At the hearing, both parties were present and offered their positions on custody. Based on the best interest of Child and after consideration of the custody facts, this [c]ourt modified the prior custody order.

TCO at 6-7 (internal footnotes omitted).

Mother argues that the trial court violated her due process rights, relying on the decision in *Langendorfer v. Spearman*, 797 A.2d 303 (Pa. Super. 2002), where this Court concluded that the father's due process rights were violated when the trial court granted the mother's petition for contempt and modified custody, because the father had no notice that custody would be at issue in the proceedings. In *Langendorfer*, this Court stated:

> *Without notice* to the parties that custody was at issue, the trial court could not assume that the parties had either sufficiently exposed the relevant facts or properly argued their significance. Consequently[,] neither we nor the trial court can make an informed, yet quintessentially crucial judgment as to whether it was in the best interests of the child involved to give sole legal and physical custody to the mother.

*Id.* at 309 (quotation marks and citations omitted) (emphasis added).

Oddly, Mother reproduces the following portion of the ***Langendorfer*** opinion in support of her argument:

> In the instant case, Mother's petition for contempt *in no way* implicates custody, i.e., she did not request any change in custody. Furthermore, the order to appear received by the parties from the court that scheduled the contempt hearing did not notify the parties that custody was at issue. … Moreover, the transcript of the hearing reveals that only the contempt petition was before the court.

Mother's Brief at 10 (quoting ***Langendorfer***, 797 A.2d at 308-309) (emphasis added).

Based on our review of relevant case law, we conclude that if the parties had notice that custody would be at issue, the court is permitted to modify custody without a pending petition for modification. Mother's reliance on ***Langendorfer*** is misplaced, as the facts in the instant case are easily distinguishable. First, in the case before us, Father's petition expressly states that he is requesting physical custody, thereby placing Mother on notice that the custody order was at issue. Additionally, in response to the filing of Father's petition, the court ordered Mother to appear at a custody conciliation. Finally, our review of the transcript of the

contempt hearing reveals that the issue of custody was the focus of the hearing.

Based on the foregoing, we conclude that Mother had proper notice custody would be at issue at the contempt proceeding. Accordingly, we discern no abuse of discretion by the trial court in its modification of the 2013 custody order.

We now address Mother's second issue as to whether the trial court properly applied the custody factors listed in 23 Pa.C.S. § 5328 in determining the best interests of Child. As we stated in *A.V. v. S.T.*, 87 A.3d 818 (Pa. Super. 2014):

> Section 5328 [of the Custody Act] provides an enumerated list of sixteen factors a trial court *must* consider in determining the best interests of the child … when awarding any form of custody:
>
> **§5328. Factors to consider when awarding custody**
>
> **(a)** **Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.
>
> (3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

*Id.* at 821-822 (emphasis added).

- 10 -

Mother avers that the trial court erred in not fully delineating its reasons on the record or in an opinion for its modification of the 2013 custody order. Mother's Brief at 17. After careful review, we agree.

We explained in *S.W.D.* that:

The Act requires a court to consider all of the § 5328(a) best interest factors when ordering any form of custody. Sections 5323(a) and (d) reinforce this mandate by requiring a court to delineate the reasons for its decision when making an award of custody either on the record or in a written opinion. Mere recitation of the statute and consideration of the § 5328(a) factors *en masse* is insufficient. A trial court's failure to place its reasoning regarding the § 5328(a) factors on the record or in a written opinion is an error of law. Accordingly, in *C.B.*[ *v. J.B.*, 65 A.3d 946 (Pa. Super. 2013)], when the trial court merely stated that it had considered the § 5328(a) factors, we held that the trial court's on-the-record explanation was insufficient under the statute. Similarly, in *M.P.*[ *v. M.P.*, 54 A.3d 950 (Pa. Super. 2012)], we found error where the trial court listed the § 5328(a) factors but failed to apply them.

*S.W.D.*, 96 A.3d at 401-402 (internal citations and quotation marks omitted).

In the case at bar, the trial court entered a new custody order on June 25, 2015, granting shared physical custody to Father and Mother. Along with the custody order, the court also issued an order listing the following reasons in support of its custody modification:

1. Both parties are likely to encourage and permit frequent and continuing contact between [] Child and each other.

2. Both parties have adequately performed parental duties for [] Child.

3. In as much as [] Child is only 3 years old and is not yet enrolled in school, this is the best time for the parents to share custody equally. Obviously, once [] Child is enrolled in

school, given the significant distance between the parents' homes, [] Child will obviously have to have primary custody with one of the parents during the school year.

4. [] Child does have significant sibling relationships with the Father's girlfriend's two children who live in Father's home.

5. Both parties are capable of maintain a loving, stable and consistent and nurturing relationship with [] Child.

6. Father resides in Enola, Pennsylvania and Mother in New Kensington, Pennsylvania which is near Pittsburgh. Given this significant distance between the parents' homes, minimizing exchanges will financially benefit both parties.

7. Both parties have shown their ability to provide for appropriate child care arrangements when they are working.

8. The level of conflict between Mother and Father is significant. They do not communicate well. Accordingly, having a set 50/50 schedule minimizes the amount of communication these parents have to have with each other.

Order of Court, 6/25/15.

Based on our review of the record, it is evident that the trial court considered approximately half of the statutorily mandated factors in making its decision to modify custody. However, the court is required to consider *all* of the section 5328(a) factors when entering a custody order. *See J.R.M. v. J.E.A.*, 33 A.3d 647, 652 (Pa. Super. 2011). Here, the list of reasons provided by the trial court fails to make any mention to the following mandated factors: the present and past abuse committed by a party or member of the party's household; the availability of extended family; the well-reasoned preference of the child, based on the child's maturity and judgment; the attempts of a parent to turn the child against the other parent; which party is more likely to attend to the daily physical, emotional,

developmental, educational and special needs of the child; the history of drug or alcohol abuse of a party or member of a party's household; and the mental and physical condition of a party or member of a party's household. *See* 23 Pa.C.S. § 5328(a). Moreover, some of the section 5328(a) factors which are addressed by the court lack any in-depth analysis. Accordingly, we are constrained to conclude that the trial court committed an error of law by failing to properly assess all of the section 5328(a) factors.

For the foregoing reasons, we vacate the 2015 custody order and remand for preparation of an opinion and order specifically addressing all the factors enumerated under 23 Pa.C.S. § 5328(a) on the issue of physical custody. The trial court must issue its opinion and order within 30 days of the date on which the certified record is returned.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2016