J-A02029-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| C.M.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.D.M. | : | No. 1255 WDA 2017 |

Appeal from the Order July 31, 2017
In the Court of Common Pleas of Erie County
Civil Division at No(s):  No. 10908-2017

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    FILED AUGUST 06, 2018

C.M.K. ("Father") appeals from the July 31, 2017 order awarding him and K.D.M. ("Mother") shared legal and physical custody of C.K. ("Child"), their now two-year-old daughter.  We affirm.

The factual background of this case is as follows.  Prior to April 2017, Mother, Father, and Child lived together in Father's three-bedroom residence in Erie, Pennsylvania.  Mother and Father were never married.  Since Mother left the residence in April 2017, Mother and Father have shared physical custody of Child on an informal basis.  When Child is with Father, she has

her own bedroom.  When Child is with Mother, she shares a bedroom with her half-sister.  Mother's residence is in Lake City, Pennsylvania.[1]

Father works at least two and one-half hours per day and other times as necessary.  He has at least three grown children, including a 20-year-old daughter who lives nearby and assists with Child's care when necessary.  Father has never assaulted Mother or Child.  He was, however, involved in a domestic violence incident over 20 years ago with an ex-wife.  He has since taken anger management classes.  Father previously experienced financial difficulties but is currently able to provide for Child's needs.

Mother is currently unemployed and receives unemployment benefits.  Mother has a history of mental disorders and the Erie County Office of Children and Youth has previously expressed concerns regarding her drug and/or alcohol use.  She struggles financially and sometimes informs Father that she lacks the financial resources to feed Child or provide other necessities.  Although she is struggling financially, she is able to care for Child's needs and the pleas to Father for financial assistance are meant to ease her burden.  Mother has four other children, three of whom reside with her.  Child's maternal grandmother ("Grandmother") and uncle ("Uncle") often care for Child and her siblings.  Mother's other child lives with Grandmother, Uncle, or other family members.

_____

[1] Lake City is in Erie County.

On March 28, 2017, Father instituted this action by filing a complaint for custody. A custody trial was held on July 25, 2017. On July 31, 2017, the trial court awarded shared legal and physical custody of Child. This timely appeal followed.[2]

Father presents four issues for our review:

1. Whether the trial court committed an error of law and/or an abuse of discretion when it failed to analyze all of the 23 Pa.C.S.A. § 5328(a) factors prior to finding it was in Child's best interest to spend equal time with both parties?

2. Whether the trial court committed an error of law and/or an abuse of discretion when it found that factors 1, 3, 4, 5, 6, 9, 10, 11, and 13 of section 5328(a) were neutral, as such findings were not supported by the evidence presented at trial?

3. Whether the trial court committed an error of law and/or an abuse of discretion when it found that 23 Pa.C.S.A. § 5328(a)(15) was not applicable, as such finding was not supported by the evidence presented at trial?

4. Whether the trial court committed an error of law and/or an abuse of discretion when it limited its analysis of 23 Pa.C.S.A. § 5328(a)(15) to Mother's ability to parent Child?

Father's Brief at 9-10 (cleaned up).

We review a trial court's child custody order for an abuse of discretion and our scope of review is plenary. M.J.N. v. J.K., 169 A.3d 108, 112 (Pa.

_____

[2] Father filed a concise statement of errors complained of on appeal ("concise statement") contemporaneously with his notice of appeal. See Pa.R.A.P. 1925(a)(2)(i) and (b). On September 5, 2017, the trial court issued an order indicating that its July 31, 2017 opinion adequately addressed the issues raised in Father's concise statement. Father included his four appellate issues in his concise statement.

Super. 2017) (citation omitted). Hence, we may only reverse a trial court's custody order if its legal conclusions are incorrect or its factual findings are unsupported by the record. Id. (citation omitted).

When entering a custody order, trial courts are required to consider all of the factors set forth in 23 Pa.C.S.A. § 5328(a) and, after weighing these factors, determine what custody arrangement is in the child's best interest. C.A.J. v. D.S.M., 136 A.3d 504, 509 (Pa. Super. 2016). The section 5328(a) factors are:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

In his first issue, Father argues that the trial court erred by failing to consider all of the best interest factors prior to determining that it was in Child's best interest to spend equal time with Father and Mother. Father's entire argument is premised on the fact that the trial court, in its opinion

accompanying the custody order, stated after discussing the third factor that it was in Child's best interest to spend equal time with Father and Mother.

This argument fails because the trial court meaningfully considered all 17 factors. See Trial Court Opinion, 7/31/17, at 4-7. The trial court merely used a rhetorical tool in drafting its opinion by stating its ultimate conclusion prior to conducting the full analysis. This tool is often used by courts and practitioners in order to offer logical flow to legal analysis and reiterate how each portion of an analysis supports its ultimate conclusion. There is nothing in the record to indicate that the trial court's consideration of the final 14 factors was merely perfunctory. As such, Father is not entitled to relief on his first claim of error.

In his second issue, Father argues that the trial court's factual findings with respect to several of the best interest factors are not supported by the record. We disagree and conclude that the trial court's factual findings are supported by the record. With respect to the first factor, the trial court found that neither Father nor Mother would be more likely to encourage and support contact with the other parent.[3] As Father concedes in his brief, the

_____

[3] Our dissenting colleague misconstrues section 5328(a)(1). This factor is not focused on whether one parent previously interfered with the other parent's ability to maintain contact with a child. See Dissenting Memorandum, post at 6 and n.3 (improperly stating this is the inquiry under section 5328(a)(1)). Instead, the inquiry is forward looking, i.e., whether one parent will encourage communication between a child and the other parent in the future. As we have detailed in this memorandum, for
(Footnote Continued Next Page)

parties shared physical custody of Child for three months prior to the custody hearing. Father argues, however, that because he transported Child between the parties' residences that he is more likely to encourage contact with Mother than vice versa. As Father notes, however, he transported Child for financial reasons. Essentially, Father is arguing that, because Mother struggles financially, the first factor weighs in his favor. As will be set forth in more detail below, such arguments are insufficient to establish an abuse of discretion on the part of the trial court. Father also contends that Mother originally failed to notify Father where she moved. Father presented no evidence, however, that Mother attempted to obstruct Child's time with Father once the parties agreed to an informal custody arrangement. Hence, the trial court's factual finding that the first factor was neutral is supported by the record.

Father next contends that the trial court erred in finding that both parties were capable of performing required parental duties and that both parties were able to satisfy Child's needs. In support of this argument, Father cites to the portions of the record indicating that Mother is struggling financially. He argues that he is in a better financial position to care for Child than Mother. Later in his brief, however, Father acknowledges that "the law in Pennsylvania has long been that custody is not to be awarded

(Footnote Continued) ——————————

months prior to the custody hearing Mother and Father were equally willing to permit Child's contact with the other parent.

merely on the basis that a better home in physical aspects, or a higher standard of living can be provided elsewhere." Roadcap v. Roadcap, 778 A.2d 687, 690 (Pa. Super. 2001) (cleaned up); see Father's Brief at 45-46. Hence, "unless the income of one party is so inadequate as to preclude raising the children in a decent manner, the matter of relative income is irrelevant." Roadcap, 778 A.2d at 690 (citation omitted). In this case, Mother testified that although she struggles financially, she is able to raise Child and her other children in a decent manner. See N.T., 7/25/17, at 49-52. Although Father presented evidence that Mother frequently requests money and other supplies, the only evidence he cites in support of his argument that Mother is unable to raise Child in a decent manner is a statement made by Mother in a conversation during which Mother requested Father's cooperation in a lawsuit. See Father's Brief at 33-34, citing Father's Exhibit A. Mother believes she will be successful in a lawsuit (thus providing better living conditions for Child) if Father cooperates in that action. See Father's Exhibit A. Hence, her statement was made in an attempt to entice Father's cooperation with her lawsuit. There is no evidence that Child is not living a decent life when she resides with Mother. Thus, the record supports the trial court's conclusion that the third and tenth factors were neutral.[4]

_____

[4] Our dissenting colleague reweighs the evidence and concludes that this factor weighed in favor of Father. See Dissenting Memorandum, post at 9-12. We may have reached a different conclusion if conducing a de novo
(Footnote Continued Next Page)

- 8 -

Father argues that the trial court erred in finding that both parties would provide for stability and continuity in Child's life. In support of this argument, Father notes that Mother's estranged husband attacked her a few weeks prior to trial and choked one of her other children. This argument fails for four reasons. First, it attempts to shift the blame for an act of domestic violence from the perpetrator, Mother's estranged husband, to the victim, Mother. Second, there is no allegation that Mother encourages such domestic violence. Third, Mother currently does not live with her estranged husband and there is no evidence of a present threat to Child. Finally, there is no evidence that Child has ever been the victim of abuse by Mother's estranged husband. Therefore, Mother's status as a victim of domestic violence should not preclude her from sharing custody of Child.[5]

Father's argument that financial resources also factor into the analysis of the fourth custody factor fails for the reasons set forth in Roadcap. Father also notes that Mother has frequently moved in recent years; however, Mother signed a one-year lease for her current residence, she

(Footnote Continued) ———————————

review of the record; however, we must defer to the trial court's factual findings that are supported by the record. In this case, the trial court's factual findings are supported by the record.

[5] Again, we are not permitted to reweigh the evidence as the learned dissent does. See Dissenting Memorandum, post at 7-9. So long as the trial court's findings are supported by the record, we are required to affirm even if we would have reached a different conclusion if we were conducting a de novo review of the record.

enjoys living there, and she is close to her family and her children's school. See N.T., 7/25/17, at 47-51.

Finally, Father cites a past mental health episode in which Mother requested that Father return to the couple's shared home and care for her children. Mother now lives close to Grandmother and Uncle who can care for her children if necessary so that Father does not have to leave work to care for Child.

The trial court reasonably considered Child's relationship with her half-siblings and other family members. It concluded that continuing these relationships was important to continuity in the Child's life. As this factual finding is supported by the record, we find no error in the trial court's consideration of the fourth and ninth custody factors.

Next, Father argues that the trial court erred in finding that the availability of extended family was a neutral factor. Father notes that his young adult daughter testified at trial while Grandmother and Uncle did not testify. Thus, he contends, there was no competent evidence to support the trial court's finding. Father misunderstands what constitutes competent evidence. At trial, Mother testified as to Grandmother's and Uncle's availability to care for Child when necessary. The trial court found this testimony credible. Therefore, competent and compelling evidence regarding the availability of extended family support for both parties was

presented at trial. Hence, the trial court's factual finding with respect to the fifth custody factor is supported by the record.

Similarly, Father contends that the fact that his 20-year-old daughter assists with Child's care shows that the trial court erred in finding that Child's sibling relationships was a neutral factor. As noted above, however, Child lives with other minor siblings only when she is with Mother. Hence, the trial court reasonably concluded that the sixth factor was neutral.

Father next argues that the parties' proximity was not neutral. The parties live 22 minutes from each other. Even if Father is required to transport Child 100% of the time between the residences, a 22-minute commute is not sufficient to demonstrate an abuse of discretion with respect to the trial court's determination concerning this factor. Many Pennsylvanians have longer travel times to and from work every day. Moreover, Father only works a few hours a day and such travel is not a burden. Hence, the trial court's factual finding with respect to the eleventh custody factor is supported by the record.

Father contends that the trial court erroneously found that the responsibility for tension between the parties is attributable to both parties. He argues that the record reflects that the conflict is mostly attributable to Mother. Father asserts in his brief that "[w]hat is not apparent in the black and white copy of a transcript is Mother's tenor and attitude that persisted throughout the trial." Father's Brief at 42. The trial court was able to

witness and hear Mother's tenor and attitude throughout the trial. After observing Mother and Father throughout trial, the trial court determined that the parties were mutually responsible for the conflict. Father cites to several portions of the record in which Mother testified in an undignified and incendiary manner. Mother also testified, however, to instances of Father acting in a similar manner. E.g. N.T., 7/25/17, at 52 (Father refused to give Mother access to her vehicle unless she went to a notary public with him and signed a statement he requested). Thus, the record supports the trial court's conclusion that the thirteenth custody factor was neutral and Father's attempt to overturn the trial court's credibility determinations is not persuasive.

In his final two issues, Father argues that the trial court erred in its consideration of the parties' physical and mental conditions. First, Father contends that the trial court erred in finding that this factor did "not apply." Trial Court Opinion, 7/31/17, at 7. Although the trial court used this language, it is evident that the trial court considered the factor and ruled that the factor was neutral. In other words, the trial court acknowledged that the factor applied but determined that it did not weigh in favor of awarding primary custody to one party. Specifically, the trial court examined Mother's physical ailment (her foot injury) and her prior history of depression and anxiety. See id. The trial court found, however, that "Mother's conditions do not affect her ability to parent [C]hild." Id.

Father does not argue that the trial court's finding with respect to Mother's physical problem, as it relates to her ability to parent Child, was erroneous. Instead, he once again argues that this physical ailment deprived her of the ability to provide financially for Child. Roadcap prohibits this analytic approach because of the trial court's factual finding that Mother possesses sufficient resources to offer Child a decent home environment.

Father argues that the trial court's weighing of Mother's mental health problems was erroneous. He contends that Mother's prior depression and anxiety negatively affect her ability to parent Child. At trial, however, Mother testified that she is currently on medication for her mental health concerns and that her recent breakdown occurred because of Father's actions. N.T., 7/25/17, at 54. The trial court found this testimony credible and determined that, with Mother now living on her own, she would not suffer mental problems that would impair her ability to parent Child. Accordingly, we conclude that the trial court did not err as a matter of law or abuse its discretion in considering the fifteenth custody factor.[6]

_____

[6] The learned dissent makes a credibility determination when evaluating this factor. See Dissenting Memorandum, post at 13. It is axiomatic that "[a]s an appellate court, we will not challenge a trial court's credibility determinations." Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P., 181 A.3d 1188, 1194 (Pa. Super. 2018).

This is a straightforward case. Father is attempting to gain primary custody of Child because Mother has previously been a victim of domestic violence and because Mother is having financial difficulties. Under the present circumstances, however, these reasons by themselves are not sufficient to upset the trial court's consideration of the statutory custody factors. Instead, the trial court properly considered the 17 statutory best interest factors, made factual findings supported by the record, weighed the factors, and determined that shared custody of Child was in her best interest. We ascertain no abuse of discretion in this determination and therefore affirm the trial court's order awarding shared physical and legal custody.

Order affirmed.

Judge Kunselman joins.

Judge Bowes files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/6/2018

- 14 -