J-A24040-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| S.E.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| N.D.(M.)P. | : | |
| | : | |
| Appellant | : | No. 534 WDA 2020 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| L.A. & S.M. | : | |

Appeal from the Order Entered March 26, 2020
In the Court of Common Pleas of Blair County Civil Division at No(s):
2013 GN 363

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED DECEMBER 29, 2020

N.D.(M.)P. ("Mother") appeals from the March 26, 2020, Order (the "Custody Order") awarding L.A. and S.M. ("Paternal Grandparents" or "Grandparents") shared legal and primary physical custody of their three female, minor grandchildren, C.M. (born in April 2004), K.M. (born in February 2007), and M.M. (born in October 2008) (collectively, the "Children").[1]  We affirm.

_____

[1] The Order also granted shared legal and physical custody of the Children to S.E.M. ("Father").  Mother does not challenge the court's Custody Order regarding Father.

We adopt the procedural and factual history provided by the trial court in its March 27, 2020, Opinion, for the purpose of this appeal. See Trial Court Opinion, 3/27/20, at 1-21.

On March 27, 2020, the trial court issued its Custody Order and accompanying Opinion. The Custody Order granted Paternal Grandparents shared legal and primary physical custody, Father shared legal and partial physical custody, and Mother shared legal and partial physical custody. The Custody Order provided that Mother would have partial custody on weekends that she is not working, pursuant to her work schedule, as well as one weekday period of partial custody on Thursdays, when she is not working. The Order provided for a holiday schedule as well as other necessary provisions for the care of the Children.

Mother timely filed a Notice of Appeal, but did not simultaneously file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(ii) and (b). However, Mother filed her Concise Statement on May 5, 2020, and there is no prejudice resulting therefrom. Accordingly, we need not dismiss her appeal. See In re K.T.E.L., 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a Rule 1925(b) statement contemporaneously with a notice of appeal in a children's fast track case will result in a defective notice of appeal that this Court will address on a case by case basis, avoiding the extreme action of dismissal when the defect does not prejudice any party).

On appeal, Mother raises the following issues for review:

1. Whether the [trial] court erred in awarding primary custody of the [Children] to [Grandparents] of the [Children], over [Mother,] when there is a heavy burden and rebuttable presumption under the law in favor of the parent in any custody action regarding a parent and a non-parent. [See] 23 Pa.C.S.A. § 5327(b).

2. Whether the [trial] court erred in disregarding the preferences of the [C]hildren, two (2) of which are teenagers, to spend more time with [Mother]?

Mother's Brief at 15 (answers omitted).

In custody cases under the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340, our standard of review is as follows:

We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial [court] regarding credibility and the weight of the evidence. The trial [court]'s deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

C.A.J. v. D.S.M., 136 A.3d 504, 506-07 (Pa. Super. 2016) (citation omitted).

Additionally,

[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

Ketterer v. Seifert, 902 A.2d 533, 540 (Pa. Super. 2006) (citation omitted).

Mother first claims that the trial court erred in awarding primary custody of the Children to Paternal Grandparents over Mother, when there is a heavy and rebuttable presumption under the law in favor of the parent in any custody action between a parent and a non-parent. See Mother's Brief at 21. Mother argues that the trial court's conclusions about Mother's lack of maturity and instability were based upon her testimony in open court, but that there was no evidence showing a connection between her testimony and her parenting abilities. Id. The majority of Mother's arguments regarding the custody factors focus on various aspects of the trial court's factual findings. Id. at 21-22.

Of note, Mother contends that she did not abandon the Children, but that she could not take care of them for several years due to her health, namely, a tumor in her left ventricle. See Mother's Brief at 25-26; see also N.T., 3/28/18, at 9-10. Mother further claims that she does not need assistance with her parental responsibilities, and she keeps the same routine as the Paternal Grandparents with regard to the Children's homework. See Mother's Brief at 28-29. Mother contends that the trial court ignored certain testimony, such as the fact that Paternal Grandmother talks negatively about Mother, and that Maternal Grandmother is available for childcare. Id. at 30, 33. Mother additionally contends that her behavior in court was the result of tiredness and frustration, but is irrelevant to the custody analysis and does not affect her ability to parent. Id. at 31-32.

When there is a custody dispute between parents and a third party, 23 Pa.C.S.A § 5327 states, in part, that "[i]n any action regarding the custody of the child between a parent of the child and a nonparent, there shall be a presumption that custody shall be awarded to the parent. The presumption in favor of the parent may be rebutted by clear and convincing evidence." 23 Pa.C.S.A. § 5327(b). Accordingly,

> where the custody dispute is between a biological parent and a third party, the burden of proof is not evenly balanced. In such instances, the parents have a prima facie right to custody, which will be forfeited only if convincing reasons appear that the child's best interest will be served by an award to the third party. Thus, even before the proceedings start, the evidentiary scale is tipped, and tipped hard, to the biological parents' side.

V.B. v. J.E.B., 55 A.3d 1193, 1199 (Pa. Super. 2012) (quoting Charles v. Stehlik, 744 A.2d 1255, 1258 (Pa. 2000)).

> What the [trial court] must do, therefore, is first, hear all evidence relevant to the child's best interest, and then, decide whether the evidence on behalf of the third party is weighty enough to bring the scale up to even, and down on the third party's side. [McDonel v. Sohn, 762 A.2d 1101, 1107 (Pa. Super. 2000) (quoting Ellerbe v. Hooks, 416 A.2d 512, 513–14 (Pa. 1980)]. In [Ellerbe,] our Supreme Court noted that "these principles do not preclude an award of custody to the non-parent. Rather they simply instruct the hearing judge that the non-parent bears the burden of production and the burden of persuasion and that the non-parent's burden is heavy." Essentially, the Supreme Court determined, "where circumstances do not clearly indicate the appropriateness of awarding custody to a non-parent, we believe the less intrusive and hence the proper course is to award custody to the parent or parents." [Ellerbe, 416 A.2d] at 514.

V.B., 55 A.3d at 1199.

In its Opinion, the trial court set forth the section 5328(a) best interest factors, addressed Mother's first claim, and concluded that it lacks merit. See Trial Court Opinion, 3/27/20, at 21-36. The record supports the trial court's findings, and its conclusions are sound. We therefore affirm on the basis of the trial court's Opinion with regard to Mother's first claim. See id. In particular, we note the following.

In its Opinion, the trial court observed that Mother was unable to provide evidence to support the reasonableness of her choice to absent herself from the Children's lives. See id. at 6. Further, regarding Mother's argument about the Children's homework, Paternal Grandmother testified that at Paternal Grandparents' house, the Children do their homework, eat dinner, and are in bed by 9 and 9:15 p.m.; when returning from Mother's house, often their homework is not done and the Children have to work on their homework until 9:30 p.m. See N.T., 1/31/20, at 46-49. Paternal Grandmother attempted to talk to Mother about the homework issue, and Mother stated that the Children informed her they did not have homework.[2] Id. at 49.

Finally, the trial court found in its Opinion that Paternal Grandmother occasionally made negative comments about Mother. See Trial Court Opinion, 3/27/20, at 26. Indeed, the trial court specifically included in its Order that no party was to engage in negative talk against the other. See Trial Court

_____

[2] Paternal Grandmother also testified that Mother had taken money out of C.M.'s bank account for her own use. See Intervenor's Ex. 6.

Opinion, 3/27/20, at 26, 38. Because the record supports the trial court's findings, and we discern no abuse of discretion, we cannot grant Mother relief on her first claim.

In her second claim, which Mother incorporates into her analysis of the first issue, Mother asserts that the trial court improperly disregarded the Children's preference to live with Mother. See Mother's Brief at 30-32, 37. Mother argues that it is clear that the Children do not like going from Mother's house, to Paternal Grandparents' house, and to Father's house. Id. at 30. Mother argues that, as teenagers, the Children are old enough to make their own decisions and that Mother's proposal of 50/50 custody between herself and Father is in alignment with the Children's preferences. Id. at 30-31.

> This Court has explained as follows:
>
> Although the express wishes of a child are not controlling in custody decisions, such wishes do constitute an important factor that must be carefully considered in determining the child's best interest. The weight to be attributed to a child's testimony can best be determined by the judge before whom the child appears. The child's preference must be based upon good reasons and his or her maturity and intelligence must also be considered.

Ketterer, 902 A.2d at 540 (internal quotations and citations omitted).

Here, the trial court acknowledged that the Children wished to spend more time with Mother, and that the Children were fairly mature and well-spoken for their age. See Trial Court Opinion, 3/27/20, at 30. However, the trial court also noted that the Children's preference appeared to be because Mother was the "fun parent," and that Paternal Grandparents provided more

safety, security, and discipline for the Children. See generally id. at 24-34. The trial court accordingly granted Mother more time with the Children, while still leaving the Children in the primary custody of the Paternal Grandparents, as that was in their best interests. See id. at 34-36. We agree with the trial court's well-reasoned analysis of this factor and find no reason to disturb it on appeal. C.A.J., 136 A.3d at 506-07.

We conclude that the trial court appropriately analyzed the custody best interest factors under section 5328(a) of the Custody Act, weighing those factors between primary custody remaining with the Paternal Grandparents or being awarded to Mother, and that the competent evidence in the record supports the trial court's determinations, which are not unreasonable. See id. Accordingly, we affirm the on the basis of the trial court's Opinion with regard to Mother's second claim. See Trial Court Opinion, 3/27/20, at 24-34.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2020