J-A23003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DONNA K. SLATER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOELLE N. BROWN | : | No. 1591 WDA 2024 |

Appeal from the Order Entered November 25, 2024
In the Court of Common Pleas of Greene County
Civil Division at No(s): No. AD-405-2023

| | | |
|---|---|---|
| DONNA K. SLATER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOELLE N. BROWN | : | |
| | : | |
| Appellant | : | No. 7 WDA 2025 |

Appeal from the Order Entered November 25, 2024
In the Court of Common Pleas of Greene County
Civil Division at No(s): AD-405-2023

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY PANELLA, P.J.E.: **FILED: September 22, 2025**

Donna K. Slater ("Paternal Grandmother") appeals from the November 25, 2024 custody order entered in the Court of Common Pleas of Greene County granting Joelle N. Brown ("Mother") sole legal and physical custody of then-3-year-old S.M.S. ("Child") and Paternal Grandmother visitation only as permitted by Mother. Mother cross-appeals, arguing that the court should

have dismissed Grandmother's custody complaint in its entirety. We vacate and remand.

Mother is Child's biological mother. Child's biological father ("Father"), Paternal Grandmother's son, unexpectedly died of a heart attack on December 8, 2022. Father and Mother were not married, but were in a long-term relationship.[1] On July 3, 2023, Paternal Grandmother filed a complaint for partial physical custody and supervised physical custody of Child pursuant to 23 Pa.C.S.A. § 5325. The complaint alleged that Mother had prevented Paternal Grandmother from seeing Child since Father's death.

The Custody Officer conducted a hearing on Paternal Grandmother's complaint on November 3, 2023.[2] Pursuant to the Child Custody Act, when awarding custody to a grandparent with standing, a court must consider:

(i) the amount of personal contact between the child and the party prior to the filing of the action;

(ii) whether the award interferes with any parent-child relationship; and

(iii) whether the award is in the best interest of the child.

_____

[1] Father, Mother, Child, and Mother's 2 children from a prior relationship lived in the same home. Paternal Grandmother lived next door. The Custody Hearing Officer refers to all three of the children in its findings and Order. We will refer only to the findings as to Child, S.M.S., as Paternal Grandmother only sought visitation with her.

[2] At the hearing, the parties agreed Paternal Grandmother had standing to bring an action for custody pursuant to 23 Pa.C.S.A. 5323(1), which provides standing to a grandparent to file an action for custody if the parent of the child is deceased.

23 Pa.C.S.A. § 5328(c)(1).

Based on the testimony and evidence presented at the hearing, the Custody Officer found the factors supported the grant of the limited supervised visitation Paternal Grandmother sought. It was undisputed that Paternal Grandmother and Child "had substantial in-person contact with each other on a regular basis" prior to Father's death, and it was only after Father died that "Mother cut off [Paternal Grandmother] from further in-person contact with the Child[]" based on the "substantial ill will" between Mother and Paternal Grandmother over the administration of Father's estate. Custody Order, 12/4/23, at 3, 4. Based on these findings, the Custody Officer found the first factor supported providing Paternal Grandmother with visitation with Child. As to the second and third factors, the Custody Officer noted that Mother testified she has concerns about Paternal Grandmother's contact with Child because Paternal Grandmother supplied alcohol to minors in the past, Paternal Grandmother can sometimes "get physical with minor children," and Mother worries about Paternal Grandmother's suitors having contact with Child. **See id.** at 5-6. However, the Custody Officer found that narrowly tailoring Paternal Grandmother's limited supervised visitation with Child would remove these concerns, would not interfere with the parent-child relationship, and would be in Child's best interest. **See id.** at 6-7.

On December 4, 2023, based on the Custody Officer's recommendation, a Custody Order was entered granting Paternal Grandmother supervised visitation with Child once per month.

On March 8, 2024, Mother filed exceptions to the December 4, 2023 Custody Order. The trial court granted Mother's exceptions "generally" based on Mother's argument that the Custody Officer failed to analyze the custody factors. After scheduling a de novo hearing on the custody matter, the court cancelled it sua sponte, electing to review the transcript from the hearing held approximately a year prior, on November 3, 2023.

On November 25, 2024,[3] the trial court entered a Final Custody Order. Without receiving any testimony or evidence about Child's relationship and visitation with Paternal Grandmother over the past year between December 4, 2023 and November 21, 2024, the trial court made factual findings contrary to those of the Custody Officer, granted Mother sole legal and physical custody of Child, and ordered any periods of visitation by Paternal Grandmother would only be "as [] Mother may permit." Final Custody Order, 11/24/24, at ¶ 2(ii)-(iv).

Paternal Grandmother timely appealed and Mother timely cross-appealed. Both parties filed contemporaneous statements of errors complained of on appeal. *See* Pa.R.A.P. 1925(a)(2)(1). The trial court filed a

---

[3] The Final Custody Order is dated November 21, 2024, and was docketed on November 25, 2024. We will use the docketed date.

statement relying on the reasons stated in its November 25, 2024 opinion. *See* Pa.R.A.P. 1925(a)(1).[4]

After the September 16, 2025 argument by the parties' counsel, and our thorough review of the record, we conclude that, because the trial court failed to receive any testimony about the last year, i.e., between December 4, 2023 and November 25, 2024, during which Paternal Grandmother exercised supervised visitation with Child, the trial court's order is not supported by the record, and we hereby ORDER the following:

1. The November 25, 2024 custody order is VACATED.

2. The December 4, 2023 order is REINSTATED and shall remain in full force and effect as to the Child at issue, S.M.S., pending further order of court.

3. This matter is REMANDED to the trial court to conduct a hearing pursuant to the Child Custody Act.

4. The court shall consider the appointment of either or both legal counsel and/or a Guardian Ad Litem for Child pursuant 23 Pa.C.S.A. §§ 5334 and 5335.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[4] "We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad." *C.A.J. v. D.S.M.*, 136 A.3d 504, 506 (Pa. Super. 2016) (citation omitted). Although "we must accept the findings of the trial court that are supported by the evidence[,] … [w]e may reject the trial court's conclusions [] if they involve an error of law or are unreasonable in light of its factual findings." *Id.* (citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 9/22/2025