J. S37042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.G. N/K/A L.H., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 569 EDA 2019 |
| | : | |
| S.T. | : | |

Appeal from the Order Entered January 22, 2019,
in the Court of Common Pleas of Lehigh County
Civil Division at No. 2017-FC-0550

BEFORE:  BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED AUGUST 19, 2019**

L.G. n/k/a L.H. ("Mother") appeals from the January 22, 2019 custody order[1] that denied Mother's petition for modification; that denied the petition for contempt filed on October 4, 2018, and the petition for special relief and petition for contempt filed on November 15 2018 by S.T. ("Father"); that denied Mother's December 5, 2018 petition for contempt; and that awarded shared legal custody of J.T., male child, born in September 2014 ("Child") to

---

[1] We note that the trial court executed the order on January 18, 2019, but the order was not entered on the docket until January 22, 2019.  As an appeal is properly taken from an order that has been entered on the docket, we have corrected the caption to accurately reflect the date that the order from which Mother appeals was entered on the docket.  **See** Pa.R.A.P. 903(a) (requiring that a notice of appeal must be filed within 30 days after "entry of the order from which the appeal is taken").

Mother and Father, primary physical custody of Child to Father, and partial physical custody of Child to Mother.[2]  We affirm.

The record reflects that Mother and Father lived together for several years prior to Child's birth but never married.  Mother and Father ended their relationship in March 2017.  In November 2017, Mother married.  Mother attends a beauty school, where she also teaches.  She also works as a hair stylist from her home.  Father resides with his paternal grandmother, two nephews, and a niece.  Father works for a transportation company.  Child is four years old.  Mother and Father agree that he has behavioral problems.

Mother and Father have engaged in extensive litigation for several years with respect to custody of Child.  Mother has filed numerous protection from abuse (PFA) petitions against Father, the first of which caused him to be evicted from the parties' residence in December 2015.  During the pendency of that petition, Mother filed her first complaint for custody.  Although Mother obtained temporary protection orders after filing her PFA petitions, the petitions were ultimately dismissed for failure to appear or insufficient evidence.  Mother's first complaint for custody was also dismissed when she failed to appear at a custody conference.

Mother filed her second complaint for custody on April 18, 2017 seeking sole legal and physical custody of Child.  Mother continued to file unsuccessful

---

[2] We note that the order also made Mother solely responsible for providing transportation to effectuate the custodial schedule.

PFA petitions against Father. On May 15, 2017, Father filed a response to Mother's custody complaint, as well as a counterclaim for custody in which he sought sole legal and physical custody. During this period, Mother relocated several times. On May 23, 2017, the trial court entered a temporary custody order granting shared legal and physical custody. Mother continued to file unsuccessful PFA petitions. She also continued to relocate. Prior to the custody trial, the parties filed petitions for contempt alleging violations of the temporary custody order against each other. Father also filed a petition for special relief wherein he alleged that Mother was preventing him from seeing Child and that it would be in Child's best interest to be with Father.

Following a two-day custody trial, the trial court entered its January 22, 2019 custody order. Mother filed a timely notice of appeal, together with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). The trial court filed a Rule 1925(a)(2)(ii) opinion wherein it incorporated its January 22, 2019 opinion.

Mother raises the following issues for our review:

> [1.] Whether the trial court erred in failing to appropriately address and weigh each of the sixteen custody factors as required by § 5328(a)?
>
> [2.] Whether the trial court erred in failing to file its decision within fifteen days of the date upon which the trial concluded as required by Pa.R.C[iv].P. 1914.5(d)?

> [3.] Whether the trial court erred by considering evidence outside of the record in making its decision?

Mother's brief at 6.[3]

Mother first complains that the trial court failed to adequately consider the 16 custody factors set forth in the Child Custody Act, 23 Pa.C.S.A. §§ 5301-5366.

With respect to our standard of review, it is well settled that

> [w]e review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

*C.A.J. v. D.S.M.*, 136 A.3d 504, 506 (Pa.Super. 2016) (citation omitted).

Section 5328 of the Child Custody Act sets forth the 16-factor best-interest test, as follows:

> **§ 5328. Factors to consider when awarding custody**
>
> **(a) Factors.--**In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect

---

[3] We note that Father did not file a brief.

the safety of the child, including the following:

(1)     Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2)     The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1)   The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3)     The parental duties performed by each party on behalf of the child.

(4)     The need for stability and continuity in the child's education, family life and community life.

(5)     The availability of extended family.

(6)     The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

> > (14) The history of drug or alcohol abuse of a party or member of a party's household.
> >
> > (15) The mental and physical condition of a party or member of a party's household.
> >
> > (16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Mother complains that the trial court "fail[ed] to provide any in-depth analysis" on Factors (a)(2), (a)(3), (a)(6), (a)(8), (a)(9), (a)(10), (a)(11), (a)(12), and (a)(13) and that it placed "exorbitant emphasis" on Mother's PFA filings. (**See** Mother's brief at 17-18.) In its opinion supporting its custody order, the trial court set forth a detailed factual and procedural history, properly recognized its statutory duty to give weighted consideration to the custody factors that affect the Child's safety, and determined that

> [o]f the 16 factors, there has been nothing substantiated in the record as to a history of drug or alcohol abuse by a party or any member of a parties [sic] household. 23 Pa. C.S.A. § 5328(a)(14). Also, there has been no evidence of a mental or physical condition of a party or member of a party's household. 23 Pa.C.S.A. § 5328(a)(15). Each party has raised safety concerns regarding the other parent. Mother, however, has filed six Petitions for Protection from Father. Four of the Petitions were dismissed because she failed to appear for the final hearing and two were denied for insufficient evidence. Consequently, this factor is neutral as to each party. 23 Pa.C.S.A. § 5328(a)(2). Given the tender age of the [C]hild, the court did not conduct an interview as to the preference of the Child. 23 Pa.C.S.A. § 5328(a)(7). The Child is Mother's only child. Father

has a son, age 7, with whom he has regular periods of partial custody and extended periods of custody during the summer; the child's mother resides in New Jersey. 23 Pa.C.S.A. § 5328(a)(4).

Each of the parties has extended family involved regularly in the Child's life. 23 Pa.C.S.A. § 5328(a)(5). Maternal Grandmother, who provides child care, and Maternal Great Grandmother reside near Mother at her current address. Maternal Grandfather, [J.G.], who testified on behalf of Mother, resides in Allentown with his wife and family. Mother and Child regularly visit with them. Father resides with paternal Grandmother and his niece and nephews. Father has siblings who reside in the Lehigh Valley area and who visit with the Child. Based upon the parties' current addresses, they reside approximately sixty-one miles apart; drive time one-way is a minimum of an hour and twenty minutes on a toll road. 23 Pa.C.S.A. § 5328(a)(11).

The court is permitted to consider any other relevant factor. 23 Pa.C.S.A. § 5328(a)(16). Mother moved from the Lehigh Valley without consent or prior court order. Father filed an objection to her relocation. In May 2017 the parents agreed to a shared physical custody schedule requiring an exchange every few days. In doing so, each of the parties acknowledged that the other parent is fit and able to care for the Child. Since that time, except those periods precluded by a protection order, both parents have performed parental duties on behalf of the Child. 23 Pa.C.S.A. § 5328(a)(3). Mother purports that she does the lion's share of the care of the Child, but the Court does not find her credible. Each party has demonstrated that they are equally able to attend to the daily physical, emotional, developmental, educational and special needs of the Child. 23 Pa.C.S.A. § 5328(a)(10). Similarly, each party is available to care for the Child and has provided appropriate child-care arrangements. 23 Pa.C.S.A. § 5328(a)(12).

Furthermore, the May 2017 Order, although it was as agreed, did not realistically take into consideration the logistics of such a frequent exchange, an 8:00 P.M. exchange for a toddler, and the three hour total round trip drive. It was inevitable, given their work schedules and other commitments, that the drive time and transportation expense would create problems for the parties who are of limited means. Moreover, disputes were inevitable because there was no agreement as to where the Child would schedule doctor and dentist visits, and ultimately school.

To further complicate matters, the parties are unable to effectively communicate with one another. 23 Pa.C.S.A. § 5328(a)(13). Although Mother has been married for more than a year, Father had only recently met Mother's wife and perhaps the first time was at the custody trial. In the court's interim order, the parties were ordered to communicate through Talking Parent. At the time of the trial, Father had yet to register for Talking Parent.

For nearly two years, the parties have had a roller coaster ride in parenting due to their agreed custody arrangement and Mother's action. At Mother's hand, the stability of this family residing in separate homes has been disrupted, diminishing the ability of each parent to maintain a loving, stable, stable [sic] and consistent and nurturing relationship with the Child. 23 Pa.C.S.A. § 5328(a)(9). Mother has taken measures that ultimately have not been in her own best interests or that of the Child. The first custody factor for the court to consider is which party is more likely to encourage and permit frequent and continuing contact between the [C]hild and another party. 23 Pa.C.S.A. § 5328(a)(1). Clearly, Mother has not encouraged this Child's relationship with Father. Although the parties reached an agreement that they would share physical custody, Mother has engaged in conduct that has precluded Father from contact with the Child. Of the six petitions for protection from abuse, she has never been granted a final order for protection from abuse from Father on behalf of the Child nor herself. However, she has used

the issuance of the temporary order for no contact as a means to preclude Father's access to the Child. All of Mother's protection from abuse petitions have been denied for insufficient evidence or dismissed at her request or due to her failure to appear.[Footnote 1] Most recently and most alarming, the temporary order of protection denied Father his periods of shared custody for more than sixty days. Mother's petition included shocking allegations of Father's sexual assault of the Child which Mother later simply withdrew. She has attempted to sabotage Father's relationship with his son. 23 Pa.C.S.A. § 5328(a)(8). Mother has not been forthcoming with Father as to the address of her residence. Mother's testimony regarding Father's withholding the Child was contradicted by her own witness, her wife. The record demonstrates Mother's willingness to engage the courts in her falsehoods and Mother's commitment to the manipulation of the system at all costs.

> [Footnote 1] The Lehigh County Office of Children and Youth Services has been involved on multiple occasions; all investigations have gone unfounded.

In filing a petition for modification of custody, Mother has opened the door for the court to review the current circumstances of the Child and determine a schedule in the Child's best interests. Her request for primary custody is denied; primary custody is granted to Father. Transportation has been an ongoing issue between the parties; timely pick up and drop off is a source of much conflict between the parties. Mother has consistently complained that Father has been late in the pick-up and drop off of the Child. Mother chose to move; according to her, it was because she needed a change of scenery and Father was overwhelming. Father has been actively involved with the Child, sharing physical custody. The Child is near school age and is eligible for Head Start pre-school. A custody order shifting custody every few days between households located sixty miles apart and outside the same school district is no longer in the Child's best interests. Modification of the custody order is

necessary at this time for stability, consistency and the Child's education.

The court is required to consider the need for stability and continuity in the Child's education, family life and community life. Overall, Father has established himself as the more stable of the two parents. 23 Pa.C.S.A. § 5328(a)(4). Each of the parties has moved multiple times. Most recently Father moved twice within a few months. He testified that the move was due to the collapse of the roof, circumstances out of his control. An eviction action was filed and judgment was entered against him for non-payment of rent. Mother has made several moves over the past eighteen months. She relocated from Allentown to Glenolden, Pennsylvania; four months later she moved to Philadelphia, Pa [sic] and then several months later she moved to Upper Darby, Pennsylvania. The moves have been the source of frustration to Father as Mother has not provided Father with timely proper notice of her moves. While Father has had similar changes in his address, however[,] all have occurred within the city of Allentown, not likely to impact the Child's education or sense of community.

Trial court opinion, 1/22/18 at 13-17 (record citations omitted).

Mother's claim that the trial court failed to appropriately address and weigh each of the custody factors is belied by the trial court's opinion that demonstrates that it fulfilled its statutory duty to determine the best interest of the Child by giving weighted consideration to all relevant factors that affect the Child's safety. Based on our review of the record, the evidence supports the trial court's factual findings. Moreover, in light of those factual findings, the trial court's conclusions are not unreasonable. We discern no error of law.

Mother next complains that the trial court violated Pa.R.Civ.P. 1915.4(d) because it failed to file its custody determination within 15 days of the conclusion of the custody trial. Rule 1915.4 sets forth rules regarding the prompt disposition of custody cases. Subsection (d) provides:

> (d) Prompt Decisions. The judge's decision shall be entered and filed within 15 days of the date upon which the trial is concluded ***unless, within that time, the court extends the date for such decision by order entered of record showing good cause for the extension.*** In no event shall an extension delay the entry of the court's decision more than 45 days after the conclusion of trial.

Pa.R.Civ.P. 1915.4(d) (emphasis added).

Here, the record reflects that the custody trial concluded on December 21, 2018. Therefore, the 15th day after the trial concluded was January 5, 2019, which fell on a Saturday. Consequently, in the absence of an order extending the date for filing the decision, the trial court had until Monday, January 7, 2019, to file its decision. ***See*** Pa.C.S.A. § 1908 (omitting Saturdays, Sundays, and legal holidays from the computation of a filing deadline). The record reflects that by order dated January 4, 2019, and filed on January 7, 2019, the trial court extended the time for it to file its decision to January 18, 2019, because of its "current court caseload." (Order of court, 1/7/19.) The record further reflects that although the custody order was dated January 18, 2019, it was not entered on the docket until January 22, 2019, which was four days after the extension deadline and 33 days after the

conclusion of trial. Although the order was not filed until four days after the extension deadline, the extension itself was entered for good cause, and the custody order was entered within 45 days of the conclusion of trial.

Nevertheless, Mother claims that she suffered prejudice

> by the delay in the filing of the trial court's Order and Decision because custody was overturned effective Monday, January 28, 2019. Mother had no notice of the trial court's decision until the Order was retrieved by her counsel once it became available on the electronic docket on Thursday, January 24, 2018. A hard copy from the court was not received until even later in the week.
>
> Being provided with only one day's notice to the change in custody was extremely prejudicial to Mother because it limited the relief she was able to seek from the trial court. With only one day before custody was overturned and provided to Father, she was unable to seek a stay of the Order or other remedies that may have been available to her due to the limited time constraints.

Mother's brief at 27-28.

Mother's claim of prejudice lacks merit. Pa.R.Civ.P. 1915.10 prohibits a party in a custody action from filing a motion for post-trial relief to an order of legal or physical custody. Therefore, because Mother has failed to demonstrate that she suffered prejudice by the minor filing delay, Mother is not entitled to relief.

Mother finally complains that the trial court erred by considering evidence not of record in the custody proceeding when it decided legal and physical custody. Mother contends that

> the trial court considered Mother's past filings of protection from abuse petitions in making the decision to change custody. In the trial court's memorandum it is clear that the court ***sua sponte*** conducted an in-depth analysis of the protection from abuse filings despite none of those coming in as evidence during trial.

Mother's brief at 30.

Mother's claim is unfounded. The record reflects that at the custody trial, both Mother and Father testified as to the various PFA petitions Mother filed against Father. (Notes of testimony, 12/11/18 at 47-49, 73, 95-99, 129-130, 135; 12/21/18 at 7, 18, 26). Additionally, during a colloquy, Mother's counsel acknowledged the dismissal of the PFA petition that Mother filed against Father in Lehigh County and had no objection to the trial court's reviewing the transcript of those proceedings. (Notes of testimony, 12/11/18 at 97-98.) Mother's counsel also had no objection to the trial court's taking judicial notice of a PFA petition Mother filed against Father in March 2017. (***Id.*** at 99.) Indeed, Mother's counsel had no objection to the trial court's reviewing the PFA docket in Delaware County and taking judicial notice of all of the PFA petitions that Mother filed against Father in Delaware County. (***Id.***) Clearly, Mother's claim that evidence of Mother's PFA filings against Father was improperly considered by the trial court because they were outside of the record is belied by the record and warrants no relief.

Order affirmed.

J. S37042/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/19/19</u>