J-A14042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.J.T. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.K.J. | : | |
| | : | |
| Appellant | : | No. 77 WDA 2020 |

Appeal from the Order Entered December 12, 2019
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 1948 of 2017D

BEFORE: SHOGAN, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:             **FILED AUGUST 20, 2020**

C.K.J. ("Mother") appeals, *pro se*, from the December 12, 2019,[1] Order (the "2019 Custody Order") granting her supervised partial physical custody of her male child, C.J.J. (born in September 2012) ("Child"), and granting M.J.T. ("Father") sole legal and physical custody of Child. We affirm.

---

[1] Mother's *pro se* Notice of Appeal indicates that she is appealing from an Order dated January 10, 2020. However, the record reveals that no order was entered into the docket on January 10, 2020, and Mother's Notice of Appeal was filed on that date. Thus, Mother may have mistakenly entered the date on which she filed her appeal where she should have entered the date of the order from which she appeals. Mother's appeal properly lies from the trial court's December 12, 2019, Custody Order. *See J.P. v. J.S.*, 214 A.3d 1284, 1286 (Pa. Super. 2019) (stating that "a custody order is final after the trial court has completed its hearings on the merits and the resultant order resolves the pending custody claims between the parties." (quotation marks omitted)).

In its Explanation of Decision attached to its December 12, 2019, Custody Order, the trial court set forth the factual background and procedural history of this appeal, which we adopt herein. *See* Explanation of Decision, 12/12/19, at 1-9 (unnumbered). In addition, we note the following.

On December 12, 2019, the trial court issued a custody Order granting sole legal and physical custody of Child to Father. *See* Order of Court, 12/12/19, at 1. Mother was granted supervised partial physical custody, as facilitated by a mental health clinician with a Ph.D., who could provide a supervised therapeutic environment for Mother to visit with Child. *Id.* The Order had additional provisions for the communication between Mother and Father, transportation to and from visitation, Mother's mental health treatment, and Child's therapy. *Id.* at 1-2. Accompanying its Order, the court issued an extensive explanation of its decision analyzing the sixteen custody factors. *See* Explanation of Decision, 12/12/19, at 1-26 (unnumbered).

On January 10, 2020, Mother filed a *pro se* Notice of Appeal and a Concise Statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

In her brief on appeal, Mother raises 53 issues. Mother's second issue, the issue most directly relating to the 2019 Custody Order, is as follows:

> 2. Did the [trial? c]ourt commit an error of law by holding a trial in November of 2019 to assess facts that were blocked from August 28, 2019[,] through that date (5 hearings)[; the] 16 factors were not consider[ed,] nor [Child's] preference[,] which is [M]other (according to his answer in November 20, 2019)[;] those

things should have been considered in prior hearings before a change of custody was made[?]

Mother's Brief at 14-15.

In custody cases under the Child Custody Act, 23 Pa.C.S.A. §§ 5321-5340, our standard of review is as follows:

> We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial [court] regarding credibility and the weight of the evidence. The trial [court]'s deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

*C.A.J. v. D.S.M.*, 136 A.3d 504, 506-07 (Pa. Super. 2016) (citation omitted).

Additionally,

> [t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (citation omitted).

In any custody case, the primary concern is the best interest of the child. *See* 23 Pa.C.S.A. §§ 5328, 5338; *see also W.C.F. v. M.G.*, 115 A.3d 323, 326 (Pa. Super. 2015). In assessing the child's best interest, the trial court must consider the best interest factors, set forth in Section 5328(a) as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, education and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328. "All of the [best interest] factors … are required to be considered by the trial court when entering a custody order." ***J.R.M. v. J.E.A.***, 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis omitted). Additionally, when a trial court awards custody, it "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d).

Mother contends that the trial court erred in granting Father sole physical custody of Child without a consideration of the sixteen custody factors. ***See*** Mother's Brief at 25-26.

Here, the trial court thoughtfully, and at length, considered each of the sixteen custody factors in its Explanation of Decision, which we incorporate herein. ***See*** Explanation of Decision, 12/12/19, at 9-28 (unnumbered). The

trial court found that factors 1, 3, 4, 5, 7, 8, 9, 10, 13, and 15 favored Father, and that factors 2, 2.1, 6, 11, 12, and 14 either did not apply, or ultimately, did not favor either party. Following a thorough review, we conclude that the trial court's findings that it is in Child's best interest to reside with Father, are supported by the record, and, accordingly, we discern no abuse its discretion. *C.R.F.*, 45 A.3d at 443.

We turn to the remainder of Mother's claims on appeal, many of which contain nested claims, or are duplicative, argumentative, and at times nonsensical. *See* Mother's Brief at 14-37. We further note that Mother's brief does not conform with the Pennsylvania Rules of Appellate Procedure. Rule 2119 requires that the argument "be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Mother's argument section, while separated by enumerated sections, is replete with rambling, repetitious, and conclusory statements, and references to attachments not entered into evidence. Similarly, although Mother cites to various Pennsylvania cases and statutes, she does not connect her argument to her quoted authorities.

We remind Mother,

[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent,

assume that his lack of expertise and legal training will be his undoing.

***Wilkins v. Marsico***, 903 A.2d 1281, 1284–85 (Pa. Super. 2006) (citations omitted).

Despite the deficiencies of the brief, we have reviewed Mother's claims, and conclude that they lack merit. In sum, the trial court appropriately, thoroughly, and thoughtfully considered the sixteen custody factors and made its decision in the best interests of Child. ***C.R.F.***, 45 A.3d at 443. Despite Mother's voluminous filings and myriad arguments, we do not find that the trial court abused its discretion or made any error of law in its rulings. ***C.R.F.***, 45 A.3d at 443. Accordingly, we affirm the trial court Order.

Order affirmed. Application to File Post-Submission Communication denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2020