J-S19002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL GRANNAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHERYL D. GRANNAN A/K/A CHERYL | : | |
| D. SIMS | : | |
| | : | No. 611 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered January 20, 2022
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  003011-CV-2021

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 8, 2022**

Cheryl D. Grannan a/k/a Cheryl D. Sims ("Mother") appeals, *pro se*,

from the order that granted Michael Grannan's ("Father")[1] petition to modify

the custody order and relocate their son, E.G. ("Child"), to Texas. Mother

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Initially, we have amended the caption to reflect the correct spelling of Cheryl Grannan's name. Further, although this appeal involves a custody action, we will use the parties' names in the caption "as they appeared on the record of the trial court at the time the appeal was taken." Pa.R.A.P. 904(b)(1). Notably, "upon application of a party and for cause shown, an appellate court may exercise its discretion to use the initials of the parties in the caption based upon the sensitive nature of the facts included in the case record and the best interest of the child." Pa.R.A.P. 904(b)(2); **see also** Pa.R.A.P. 907(a). Neither party has applied to this Court for the use of initials in the caption. We will, however, refer to the minor involved in this custody dispute by his initials or as "Child" to protect his identity.

contends that the trial court abused its discretion in granting the petition to relocate and modify the custody schedule. We affirm.

Mother and Father were married in 2005 and had Child in July 2006. Subsequently, Father filed for divorce in Collin County, Texas, and in January 2016, the Texas court entered a final divorce decree, which included child custody provisions that granted Mother primary custody of Child, Father partial physical custody, and the parties shared legal custody. Thereafter, Mother moved with Child to Monroe County, Pennsylvania, and the parties initially cooperated in scheduling partial custody visits between Father and Child. However, in 2019, the parties had a communication breakdown which resulted difficulties in scheduling Child's visits with Father. Further, in 2019, Mother unilaterally withdrew Child from his in-person schooling and enrolled him in online schooling in the Commonwealth Charter Academy.

In 2020, Father filed notice of intent to relocate Child to Father's residence in Allen, Texas, and modify the custody order. Specifically, Father argued that Mother cut off all communication between him and Child, isolated Child from his family and friends, and was mentally unstable. Mother filed a counter affidavit, indicating her objection to the proposed relocation and the modification of the custody order. Mother asserted that Father's claims were unfounded, and that Father had a history of cruelty and abuse that continued with the notice to relocate Child.

The trial court held an evidentiary hearing, at which Mother represented herself and Father was represented by counsel. Father testified that he is a Vice President of Global Security and Compliance for a company in Dallas, Texas, and lives in a home with room for Child. Father indicated that between 2016 and 2018, Mother allowed him to visit Child at least five times. However, Father also stated that Mother hindered his relationship with Child by making it difficult for him to communicate with Child; used profanities against Father in discussing custody issues; tried to isolate Child from friends and her extended family; screamed at Child; and called the police on Child. Father testified that he encouraged and fostered a relationship between Child and Mother's side of the family; the school Child would attend in Texas is comparable to the one he attended in Pennsylvania; he aided Child with his homework and hoped to get his grades up; and Child gets along with Father's other children. Additionally, Father testified that on one occasion, he smoked marijuana with his older son but did not abuse drugs.

Mother testified that she is an accountant and works as a construction worker part-time. Mother detailed how she cared for Child. Mother further indicated that she called the police about Child because he was trying to walk to Father's residence in Texas in the middle of winter. Additionally, Mother stated that Father smoked marijuana during a family outing and that he has threatened her. Finally, Child testified privately with the judge and indicated that he wanted to live with Father in Texas.

Following the hearing, the trial court entered an order, granting Father's relocation petition and granting Father primary physical custody of Child, and Mother partial physical custody. The order also indicated that the parties would share legal custody of Child. Mother filed a timely appeal, and a Pa.R.A.P. 1925(b) concise statement.

On appeal,[2] Mother argues that the trial court's bias and failure to consider certain evidence led to an improper weighing of the factors used to grant Father's relocation petition. **See** Brief for Appellant at 3, 5 (unnumbered);[3] **see also id.** at 4 (wherein Mother claims that the trial court made defamatory statements about her in the ruling). Mother contends that the trial court only relied upon Father's hearsay statements regarding her ability to care for Child and ignored evidence that would support her claims regarding Father's cruelty, abuse, harassment, and threats, that occurred during and after the marriage. **See id.** at 3-5. Mother highlights that: (1) she filed several police reports on Father due to his verbal assault and abuse; (2) Father refused to follow the divorce order and claimed Mother and Child on

_____

[2] We note that Mother's brief is underdeveloped and does not include citations to pertinent cases or other authorities. **See** Pa.R.A.P. 2119(a). Nevertheless, we will address Mother's arguments in the interest of justice. **See Satiro v. Maninno**, 237 A.3d 1145, 1151 (Pa. Super. 2020) (noting that although this Court liberally construes materials filed by *pro se* litigants, this does not entitle a *pro se* litigant to any advantage based on his lack of legal training).

[3] Although Mother's brief does not include page numbers, the table of contents indicates that her argument begins on page 3. We will utilize Mother's numbering method.

his 2015 tax return; and (3) Father used drugs with his children. *See id.* at 3-4.

Further, Mother asserts that the trial court erroneously found her testimony to be unbelievable yet found Father's testimony to be credible. *See id.* at 3. Mother also suggests that Father manipulated Child into testifying that he wanted to live with Father, and the judge did not properly question Child as to this issue. *See id.* at 4-5. Mother concludes that there is no evidence that she was an unfit mother and that the petition to modify the custody order and relocate Child was not properly entered. *See id.* at 5.

Our standard of review is deferential:

> We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

*C.A.J. v. D.S.M.*, 136 A.3d 504, 506 (Pa. Super. 2016) (citation omitted).

"With any child custody case, the paramount concern is the best interests of the child." *M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013) (citation omitted). "This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child." *Id.* (citation omitted). Notably, under the Pennsylvania Child Custody Act, the trial court must consider 16 custody

factors and 10 relocation factors when addressing whether a proposed relocation and modification of custody serves the best interests of a child. ***See A.M.S. v. M.R.C.***, 70 A.3d 830, 836 (Pa. Super. 2013).

The Custody Act provides a non-exhaustive list of the 16 factors a court is required to consider to determine the best interests of the child as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.** - In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Additionally, when a parent seeks to relocate and the non-relocating parent objects, the trial court must consider the following 10 factors:

**(h) Relocation factors.--**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1)    The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate

and with the nonrelocating party, siblings and other significant persons in the child's life.

(2)     The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3)     The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4)     The child's preference, taking into consideration the age and maturity of the child.

(5)     Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6)     Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7)     Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8)     The reasons and motivation of each party for seeking or opposing the relocation.

(9)     The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10)    Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(h).

"In a dispute between parents, each parent shares the burden of proving, by a preponderance of the evidence, that an award of custody to him

or her would serve the best interests of the child." ***Graves v. Graves***, 265 A.3d 688, 698 (Pa. Super. 2021) (citation omitted). Further, the "party proposing relocation … bears the burden of proving relocation will serve the children's best interests. Each party, however, has the burden of establishing the integrity of that party's motives in either seeking the relocation or seeking to prevent the relocation." ***S.J.S. v. M.J.S.***, 76 A.3d 541, 551 (Pa. Super. 2013) (citation and quotation marks omitted).

Additionally, in any custody action, the trial court must "delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d); ***see also A.M.S.***, 70 A.3d at 835 (noting that section 5323(d) applies to cases involving custody and relocation). However, "[i]n expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." ***A.V. v. S.T.***, 87 A.3d 818, 823 (Pa. Super. 2014) (citation and quotation marks omitted).

Here, the trial court addressed each of the factors set forth at Sections 5328(a) and 5337(h) in its custody opinion and order, as required by Section 5323(d). **See** Trial Court Opinion and Order, 1/19/22, at 4-14 (addressing the factors set forth at Section 5328(a); 15-24 (addressing the factors set forth at Section 5337(h)). In discussing each factor at Section 5328(a), the trial court found seven factors favor Father (1, 4, 6, 7, 9, 10, 13), noting in

particular that factors 1 (party more likely to encourage and permit continuing contact between the child and other party) and 10 (party more likely to attend to the daily physical, emotional, developmental, educational needs of child), weigh strongly in his favor, one factor favors Mother (3), and the remaining eight factors were neutral and did not favor either party (2, 5, 8, 11, 12, 14,[4] 15, 16). Further, the trial court found that five relocation factors favored Father and the proposed relocation (2, 4, 5, 6, 7), zero factors disfavored relocation, and the remaining five factors were neutral and did not favor either party (1, 3, 8, 9, 10). Accordingly, the trial court weighed all the factors and found that it was in Child's best interests to allow his relocation to Texas with Father. *See id.* at 24-25.

Mother's bald claim of bias does not establish that the trial court improperly weighed the factors articulated in Sections 5328(a) and 5337(h). Indeed, the trial court considered all the testimony, including determining the credibility of the witnesses and assessing the weight of their testimony. In essence, Mother is asking us to both reject the trial court's findings and credibility determinations in favor of the factual findings and credibility determinations that she proposes and reweigh the evidence. We decline Mother's invitation to do so, because we cannot reweigh the evidence and

---

[4] Notably, the trial court found that factor 14 favored neither party because there was no reliable evidence that either party or a member of the party's household had a history of drug or alcohol abuse.

"[w]e must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations." **M.J.M.**, 63 A.3d at 337.

Here, although it acknowledged that Mother was a loving parent who provided for Child's daily needs, **see** Trial Court Opinion and Order, 1/19/22, at 24, the trial court weighed the statutory factors listed at Sections 5328(a) and 5337(h), balanced the considerations therein, and found that it would be in Child's best interests to relocate to Texas with Father. **See id**. at 24-25. The trial court's findings and determinations are supported by competent record evidence, and we will not disturb them. Therefore, Mother is not due relief on her claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2022