J-S24002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DARLENA GRAVES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIA M. GRAVES EUGENE D. | : | |
| WATSON | : | |
| | : | No. 203 EDA 2022 |
| | : | |
| APPEAL OF: MIA M. GRAVES | | |

Appeal from the Order Entered January 4, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s): XC0804474

BEFORE: PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED SEPTEMBER 30, 2022**

Mia M. Graves ("Mother"), *pro se*, appeals from the order granting her

co-defendant, Eugene Watson ("Father"),[1] sole physical and legal custody of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although this appeal involves a custody action, we will use the parties' names in the caption "as they appeared on the record of the trial court at the time the appeal was taken." Pa.R.A.P. 904(b)(1). Notably, "upon application of a party and for cause shown, an appellate court may exercise its discretion to use the initials of the parties in the caption based upon the sensitive nature of the facts included in the case record and the best interest of the child." Pa.R.A.P. 904(b)(2); **see also** Pa.R.A.P. 907(a). Neither party has applied to this Court for the use of initials in the caption. We will, however, refer to the minor involved in this custody dispute by his initials or as "Child" to protect his identity.

their son, A.G. ("Child"). We affirm.

Child was born in January 2008. Since his birth, Child primarily lived with Mother in Philadelphia, Pennsylvania. Maternal Grandmother, Darlena Graves, also lives in Philadelphia while Father lives in Middletown, Delaware. In October 2009, the trial court entered a temporary custody order granting Mother custody of Child without prejudice to Father, who was facing criminal charges at that time. However, the trial court did not enter a final custody order regarding Child.

On April 29, 2019, Maternal Grandmother filed a custody complaint, seeking primary physical and shared legal custody of Child, and named Mother and Father as defendants. Subsequently, Mother filed a complaint, seeking sole physical and legal custody of Child, and naming Maternal Grandmother as the sole defendant. At this time, Father did not file a petition for custody and the trial court did not join him as a necessary party to the complaints. After the parties could not agree on a plan for custody, the matter was scheduled for a hearing before the trial court.

At the hearing, Maternal Grandmother indicated that Child was living with Father and that she sought to change her request from primary physical custody to visitation. Maternal Grandmother indicated that since the last court date, Child ran away from home on two occasions and that he was living with Father.

Mother responded that Maternal Grandmother undermined her relationship with Child, including coaching Child to leave Mother's home and taking Child to Father's home in Delaware. Mother also indicated that Child has severe medical issues, including asthma, and Father was not an appropriate parent.

Following the hearing, the trial court entered an order granting Father sole legal and primary physical custody of Child and Mother partial, supervised physical custody of Child every second, third, and fourth weekend of every month with a person agreed to by Maternal Grandmother's counsel. The trial court also granted Maternal Grandmother visitation as mutually arranged and agreed by Maternal Grandmother, Father, and Child.

This Court reversed the trial court's order in a published opinion. *See Graves v. Graves*, 265 A.3d 688 (Pa. Super. 2021). Specifically, the Court concluded that the trial court erred in granting sole physical and legal custody of Child to Father, because Father never had custody of Child, was never joined as a party to the litigation, and did not formally seek custody by petition or counterclaim; the Court noted that only Mother and Grandmother sought custody of Child. *See id.* at 702. To that end, this Court found that because Father was improperly granted custody of Child, the visitation portion of the order was also improper. *See id.* at 702-03. Moreover, this Court found that the trial court failed to properly consider all the factors necessary for custody

and relocation of a child under 23 Pa.C.S.A. §§ 5328(a) and 5537(h).[2] ***See id.*** at 700-02. Accordingly, this Court directed the trial court to join Father as a party; inform Father that he could file an objection to joinder and file a counterclaim asserting custody of Child; and that if Father did not seek custody, the trial court must rule only upon the petitions filed by Mother and Maternal Grandmother. ***See id.*** at 703.

In the interim, on September 22, 2021,[3] Father filed a complaint for custody of Child, seeking sole legal and physical custody. Subsequently, the trial court reinstated the complaints for custody filed by Mother and Grandmother. The trial court held a custody hearing on January 4, 2022, at which, *inter alia*, the trial court confirmed that Father was a party to the action, and that Maternal Grandmother, who was not seeking custody, was excused from the proceeding. Further, Child testified that Mother had abused him and that there was a continuing risk of abuse; Father was better for his daily, physical, emotional, developmental, and educational needs; and that he wanted to live with Father. Following the hearing, the trial court entered an

_____

[2] As noted below, the ***Graves*** Court highlighted that where neither parent is seeking to relocate and only the child would be moving, Section 5537 is not triggered; rather any relocation factor not already incorporated by the court's consideration of the relevant custody factors may be addressed under Section 5328(a)(16). ***See Graves***, 265 A.3d at 702 (citing ***D.K. v. S.P.K.***, 102 A.3d 467, 477 (Pa. Super. 2014)).

[3] This Court initially published its ***Graves*** opinion on September 17, 2021. However, the court later withdrew the opinion and refiled it on October 18, 2021.

order, granting Father sole legal and physical custody of Child. The trial court further provided that Mother and Maternal Grandmother had visitation rights to be arranged and agreed to by Father.

Mother filed a timely notice of appeal,[4] and a Pa.R.A.P. 1925(b) concise statement.[5]

In a disjointed brief,[6] Mother reasserts various claims from the hearing on the custody petitions that we will address together. More specifically, Mother argues that the trial judge retaliated against her based upon her complaints of sexual harassment against the master in the case, and was biased, which impacted the assessment of the factual findings and credibility of the witnesses. **See** Mother's Brief at 1, 5, 28, 30. Mother further claims that

---

[4] After filing the appeal, Mother filed a *pro se* motion seeking the recusal of the trial court judge. On February 28, 2022, the trial court judge granted the motion and directed that another judge be appointed to the case.

[5] We note that Mother failed to file her concise statement contemporaneously with her notice of appeal. **See** Pa.R.A.P. 1925(a)(2)(i) (providing that, in Children's Fast Track appeals, a Rule 1925(b) statement "shall be filed and served with the notice of appeal."); **see also** Pa.R.A.P. 905(a)(2) (same). Accordingly, this Court issued an order directing Mother to comply with Rule 1925(a)(2)(i) and (b). Mother complied with this Court's order; accordingly, we decline to find that her issues are waived.

[6] Mother's *pro se* brief does not conform to the basic requirements set forth in Pa.R.A.P. 2111(a), including failing to include (1) a statement of jurisdiction, (2) the order in question, (3) a statement of the questions involved, (4) a summary of the argument, or (5) a distinct argument section. **See** Pa.R.A.P. 2111(a). Nevertheless, although a *pro se* appellant is not entitled to special treatment, we can discern Mother's legal issues from her brief and will address them on appeal.

in granting Father sole legal and physical custody, the trial judge misapplied the factors at 23 Pa.C.S.A. § 5328, diminished Mother's character while supporting Father's character, and failed to allow Mother to submit supporting documentation at the hearing. *See id.* at 1, 3-4, 29-30.[7] Mother further contends that the trial judge allowed Child to move 60 miles from her home without assessing Child's relationships with his siblings. *See id.* at 28. Mother concludes that the trial judge did not show that there was clear and convincing evidence it was in Child's best interest to live with Father, and his order that Mother can have custodial times as arranged by Father was clearly meant to deprive her of seeing Child. *See id.* at 29-30.

Mother claims that Maternal Grandmother sought custody of Child to punish Mother for not fostering a relationship with Maternal Grandmother. *See id.* at 2, 27-28. Mother argues that Maternal Grandmother made a false report that abuse was present in Mother's home; kidnapped Child; hid Child while police investigated Child's whereabouts; and devised a plan with Father to have Child transported to Father's home in Delaware. *See id.* Mother also contends that Maternal Grandmother has no standing to pursue custody. *See id.* at 27.

---

[7] Importantly, Mother does not raise any claims challenging the relevant relocation factors at Section 5537(h); thus, we find any such challenge waived on appeal.

Finally, Mother maintains that Father should not have custody of Child, noting that Father had no contact with Child and did not know Child's medical history. **See id.** at 4. Mother additionally asserts that the trial court had no knowledge of Father's living arrangements, Father's financial ability to take care of Child and meet his medical needs, or the backgrounds of people in Father's home. **See id.** at 3, 4, 28; **see also** Addendum to Brief, 9/9/22, at 2; Addendum to Brief, 9/6/22, at 5. Further, Mother claims that Child's two siblings have had a difficult time since Child left her home. **See** Mother's Brief at 4; **see also** Addendum to Brief, 9/9/22, at 2. Mother also contends that Father has a lengthy criminal record, including embezzling money and selling drugs, and has been committing fraud on the court in this case for 14 years. **See** Mother's Brief at 3, 28. Moreover, Mother asserts that Father has evaded paying child support and has turned Child against Mother, by coaching him and denying him visits and communication with Mother, in retaliation for being arrested multiple times for failing to pay child support. **See id.**; **see also** Addendum to Brief, 9/9/22, at 2. Likewise, Mother argues that Father has prevented her from contacting Child and has used court proceedings and social media to emotionally abuse her. **See** Mother's Brief at 2-3, 28; **see also** Addendum to Brief, 9/9/22, at 2; Addendum to Brief, 9/6/22, at 5.[8]

---

[8] Mother also raises claims regarding a support order, arrears she believes should be removed from her credit report, and a tax lien she believes should be lifted. **See** Mother's Brief at 31. However, such claims are not related to

*(Footnote Continued Next Page)*

Our standard of review is deferential:

We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

***C.A.J. v. D.S.M.***, 136 A.3d 504, 506 (Pa. Super. 2016) (citation omitted).

"With any child custody case, the paramount concern is the best interests of the child." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 334 (Pa. Super. 2013) (citation omitted). "This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child." ***Id.*** (citation omitted).

The Custody Act provides a non-exhaustive list of the 16 factors a court is required to consider to determine the best interests of the child as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.** - In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm

_____

the order at issue in this case. Accordingly, we will not address Mother's claims in this regard.

to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Moreover, as noted above, the trial court is not required to conduct a separate, distinct consideration of the relocation factors because neither parent is relocating and only Child would be moving. *See D.K.*, 102 A.3d at 477 (stating that "a custody case where neither parent is seeking to relocate and only the children would be moving to a significantly distant location if custody shifted from one parent to another does not *per se* trigger section 5337 of the Child Custody Act."). Instead, any relevant relocation factor not already incorporated by the court's consideration of the custody factors may be addressed under Section 5328(a)(16). *See id.*

Additionally, in any custody action, the trial court must "delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). However, "[i]n expressing the reasons for its decision, there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *A.V. v. S.T.*, 87 A.3d 818, 823 (Pa. Super. 2014) (citation and quotation marks omitted).

Here, the trial court addressed each of the factors set forth at Sections 5328(a) in its custody opinion, as required by Section 5323(d). *See* Trial Court

Opinion, 3/3/22, at 11-19 (addressing the factors set forth at Section 5328(a)); *see also* N.T., 1/4/22, at 21-66. In discussing each factor at Section 5328(a), the trial court found seven factors favor Father (1, 2, 7, 9, 10, 11, 13), and the remaining nine factors were neutral and did not favor either party (3, 4, 5, 6, 8, 12, 14, 15). *See* Trial Court Opinion, 3/3/22, at 11-19. Additionally, the trial court found that Father's relationship with Child was enhancing and improving his life; Child was flourishing in school in Delaware; and Child and Father would promote and preserve contact with Mother and Child. *See* Trial Court Opinion, 3/3/22, at 12-15; *see also D.K.*, 102 A.3d at 477 (noting that the trial court would still need to consider the age and needs of the child and the impact of the child's change of residence on the his/her physical, educational and emotional development — 23 Pa.C.S.A. § 5337(h)(2)), preserving the relationship between the other parent and the child — Section 5337(h)(3)), and whether the change in the child's home will enhance the general quality of his/her life — Section 5337(h)(7)). Accordingly, the trial court weighed all the factors and found that it was in Child's best interests to grant sole legal and physical custody to Father in Delaware. *See* Trial Court Opinion, 3/3/22, at 19; N.T., 1/4/22, at 66.

Although the trial judge recused after the instant appeal was filed, Mother's claims of bias and retaliation do not establish that the trial court improperly weighed the factors articulated in Sections 5328(a). Indeed, the trial court considered all the evidence and testimony of the parties and

determined the credibility of the witnesses and assessed the weight of their testimony. *See id.* at 7, 8; *see also id.* at 12-13 (wherein the trial court noted that Mother argued that she was in possession of a letter from the Department of Human Services that purported to establish that Maternal Grandmother lied about the abuse in Mother's home but failed to present the letter at trial). Additionally, the trial court heard testimony regarding Father's financial ability to care for Child and meet Child's medical needs, considered Father's prior criminal history, Father's testimony that he would enable communication between Mother and Child, and Child's relationships with his siblings. *See id.* at 9, 11-19; *see also* N.T., 1/4/22, at 11, 13, 22, 27-31, 34, 36-37, 40, 48-50, 52-53, 57, 63-64. Further, Child testified that he preferred to live with Father. *See* Trial Court Opinion, 3/3/22, at 15; *see also* N.T., 1/4/22, at 62-64.

In essence, Mother is asking us to both reject the trial court's findings and credibility determinations in favor of the factual findings and credibility determinations that she proposes and reweigh the evidence. We decline Mother's invitation to do so, because we cannot reweigh the evidence and "[w]e must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations." *M.J.M.*, 63 A.3d at 337 (citation omitted). In conclusion, the trial court's findings and determinations are supported by competent record evidence, and we will not disturb them.

Furthermore, regarding Mother's standing claim against Maternal Grandmother, the trial court specifically found that Maternal Grandmother was excused prior to the beginning of the testimony and was therefore not a participant in this matter, as she was not seeking custody. *See* N.T., 1/4/22, at 18-19; *see also* Trial Court Opinion, 3/3/22, at 8. To the extent Mother argues that the trial court abused its discretion in granting visitation to Maternal Grandmother, we conclude that this claim is without merit. Indeed, the trial court specifically found that Child sought comfort and refuge with Maternal Grandmother, and she acted in his best interests. *See id.* at 10.

Based upon the foregoing, the trial court properly weighed the statutory custody factors and clearly articulated its considerations in making the custody award. The evidence of record supports the trial court's decision, and we do not find that its judgment was manifestly unreasonable or the product of partiality, prejudice, bias, or ill will. Accordingly, we find no error or abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2022

- 13 -